BOLIN, Judge.
Plaintiffs, husband and wife, instituted this compensation suit for total and permanent disability and medical expenses. From judgment in favor of Mrs. Stanley awarding her compensation at the maximum rate for a period of 400 weeks, together with medical expenses, the employer’s insurer has appealed.
The principal issue tendered by appeal involves the extent and duration of the employee’s injuries. It is conceded Mrs. Stanley was employed as a bookkeeper and that part of her duties required her to stand on her feet for long periods of time and to lift heavy books. It is also admitted she received an accidental injury on the job which temporarily disabled her from performing her usual duties, and defendant paid her compensation for a period of 35 weeks. The dispute is over whether or not she is able to return to work. In a written opinion the district judge concluded the employee was suffering from cervical and low back injuries; and even though there had never been any “objective” evidence of disability, her condition was about the same at the time of the trial as it had been ever since the injury, and she was totally and permanently disabled.
Appellant has specified numerous errors in the proceedings below. The most serious, we think, is leveled at the following portion of the lower court’s opinion:
“ * * * It appears that defendant was fully advised over the entire period and continued making payments and paying doctors; and, having themselves decided in the first instance that plaintiff was entitled to compensation, and paid same, we are of the opinion that plaintiff is entitled to continue receiving compensation. * * * ”
If the judgment had been predicated solely on the above finding, it would be erroneous, for the workmen’s compensation statute clearly provides compensation payments do not constitute an admission of liability. LSA-R.S. 23:1204.
However, from a reading of the entire opinion we do not think liability was based on the prior voluntary compensation payments. In any event, our reading of the record convinces us Mrs. Stanley is unable to resume her usual employment without great pain and discomfort, and therefore, under our jurisprudence, she is totally and permanently disabled. Brannon v. Zurich General Accident & Liability Ins. Co. et al., 224 La. 161, 69 So.2d 1 (1953) and Knispel v. Gulf States Utilities Co., Inc., 174 La. 401, 141 So. 9 (1932).
All the medical experts testified she had received substantial injuries but all “objective symptoms” had disappeared and any present disability would be based on subjective findings. However, none of the doctors testified they had any reason to disbelieve she was in real pain. While we do not intend to minimize appellant’s serious contentions that the evidence is to the contrary, we think the record justifies a judgment of total and permanent disability. No useful purpose would be served by a detailed recapitulation of the evidence to support this conclusion.
There is one error in the judgment. The lower court made an award of $97.64 to Mrs. Stanley for medical expenses and also reserved her right to sue for future medical expenses. Since these were community obligations the judgment should have been in favor of Mr. Stanley as head and master of the community.
Accordingly, it is ordered that the name of James E. Stanley be substituted for that of Mrs. Evelyn L. Anderson Stanley in that portion of the judgment awarding her $97.64 for medical expenses and further that Mr. Stanley’s right to sue for future medical expenses be reserved. As thus amended the judgment is affirmed at appellant’s cost.
Amended and affirmed.